MALONE, Respondent, vs. KNICKERBOCKER ICE COMPANY,.
Appellant.

*October 23 — November 13, 1894.*

*Statute of frauds: Oral promise to pay debt of another: Physicians and'
surgeons.*

Plaintiff, as a surgeon, attended an injured employee of defendant,
having been called by a third person. After a part of the services·
had been rendered and charged to the employee on plaintiff's
books, defendant's manager said to him: "Take care of Jim [the
employee]. We intend to see the boy through." *Held*, that if this·
was a promise to pay for plaintiff's services it was not valid as to·
the services already rendered, because not in writing as required
by subd. 2, sec. 2307, R. S.

APPEAL from the County Court of *Waukesha* County.

This is an action to recover for surgical services and medical attendance by the plaintiff upon an employee of the defendant. One of the defendant's employees, named Malcomson, met with an accident by which his ankle was fractured. The plaintiff was called to his assistance by parties not connected with the defendant. The plaintiff set the ankle, and gave such other assistance and attention as was necessary. He made charges for such services, in his book, against Malcomson. The plaintiff claims that, two or three days after he had set the ankle, he met Field, the general managing agent of the defendant, when the following conversation occurred: "He [Field] said to me: 'Doctor, what do you think of Jim?' I told him: 'I don't know yet what it will come to.' He said: 'Take care of Jim. We intend to see the boy through.'" Field denies recollection of such a conversation.

After the evidence was in, the defendant asked for an instruction to the effect that plaintiff was not entitled to recover for services rendered to Malcomson before the time of the alleged conversation with Field. This the court refused to give, and gave nothing equivalent in the general charge. The court charged the jury, in effect, that if the jury believed that the conversation occurred the plaintiff might recover his entire bill.

There was a verdict for the plaintiff for the amount of the entire bill. From judgment on the verdict the defendant appeals.

*Warham Parks*, for the appellant, cited *Tileston v. Nettleton*, 6 Pick. 509, 510; Roberts, Frauds, 216–225; *Swan v. Nesmith*, 7 Pick. 220; Chitty, Cont. (3d Am. ed.), 202 *et seq.; Elder v. Warfield*, 7 Harr. & Johns. 391; *Cutler v. Hinton*, 6 Randolph, 509; *Skelton v. Brewster*, 8 Johns. 376; *Slingerland v. Morse*, 7 id. (2d ed.), 463, note *a; Bailey v. Freeman*, 11 id. 221; *Chase v. Day*, 17 id. (2d ed.), 115,

note *a;* 2 Starkie, Ev. (5th Am. ed.), 345, 346, notes; *Hooker v. Russell,* 67 Wis. 257; *Willard v. Bosshard,* 68 id. 454; *Clapp v. Webb,* 52 id. 638.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.*

NEWMAN, J.   The defendant was not liable to the plaintiff for the services which he rendered to Malcomson, unless the defendant employed him to render the services. It is not claimed that the defendant employed him prior to the alleged conversation with Field, nor otherwise than by that conversation.   A considerable part of the services — more than one third of the entire bill — was rendered before the time of that conversation.   If the defendant is liable at all, it is by reason of that conversation.   Up to that time the debt was the debt of Malcomson, and charged to him on plaintiff's book.   If it ever became the debt of the defendant, it is because the words of Field can be construed to be a promise of the defendant to pay it.   The words alleged to have been used by Field are not an unequivocal promise to pay for any part of plaintiff's services to Malcomson, but they possibly may be construed to be such a promise; but, as to that part of the services rendered before that time, they could hardly be held to be a valid promise, in view of the statute (R. S. sec. 2307, subd. 2), which provides that every special promise to answer for the debt, default, or miscarriage of another person shall be void unless it be in writing.   It could be good by way of ratification only when it should appear that the services had really been rendered upon the defendant's credit, and that the defendant's agent, Field, knew that fact at the time of making the promise.   *Ladd v. Hildebrant,* 27 Wis. 135.   The instruction requested, or its equivalent, should have been given.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial.